IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

KENDALL HOPE TUCKER

**Plaintiff**

v.

**CIVIL NO.** 21-1347(RAM)

AD PRACTITIONERS, LLC, GREG
POWEL AND IAN ROBERTSON

**Defendants**

## MEMORANDUM AND ORDER

"Federal courts, as courts of limited jurisdiction, may not presume the existence of subject matter jurisdiction, but, rather, must appraise their own authority to hear and determine particular cases." Watchtower Bible & Tract Soc. of New York, Inc. v. Colombani, 712 F.3d 6, 10 (1st Cir. 2013) (quotation omitted). Further, in cases of diversity jurisdiction such as the one at bar, "diversity jurisdiction requires complete diversity of citizenship between all plaintiffs and all defendants." MB Auto Care Mgmt., Inc. v. Plaza Carolina Mall, L.P., 695 F. Supp. 2d 1, 2 (D.P.R. 2010). "Ordinarily, Plaintiff must show that complete diversity exists[.]" Id. Having reviewed the Complaint's jurisdictional averments, the Court finds them to be defective. (Docket No. 2).

Here, the Complaint does not aver with sufficient specificity the citizenship of defendant AD Practitioners, LLC's' members. (Docket No. 2 at ¶ 4) Instead, it avers the state under whose laws it was created and where it has its "principal place of business" as if dealing with a corporation. Id. However, limited liability companies or "LLCs" are unincorporated entities, and their citizenship is determined by the citizenship of their members. See Bearbones, Inc. v. Peerless Indemnity Insurance Company, 936 F.3d 12, 15 n.3 (citing Sterngold Dental, LLC v. HDI Glob. Ins. Co., 929 F.3d 1, 6 n.2 and Pramco LLC, ex rel. v. CFSC Consortium, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).

Moreover, the Complaint does not aver the domiciles of co-defendants Greg Powel and Ian Robertson. (Docket No. 2 at ¶¶ 4-6). It merely states they are residents of Dorado, Puerto Rico. Id. But domicile and residence **"are not interchangeable"** for purposes of diversity of citizenship subject matter jurisdiction. Bearbones, Inc., 936 F.3d 12, 15 n.3; Aponte-Dávila v. Municipality of Caguas, 828 F.3d 40, 49 (1st Cir. 2016) (emphasis added).

Pursuant to 28 U.S.C. § 1653, Plaintiff Kendall Hope Tucker is granted until **August 16, 2021** to amend her complaint for the purpose of specifically averring the identity and citizenship for jurisdictional purposes of each of the members of AD Practitioner, LLC as of the date of commencement of this action. This is essential to determine whether the Court possesses diversity of

citizenship subject matter jurisdiction over this case. *See e.g.*,

Jimenez-Franceschini v. Bentley, 867 F. Supp. 2d 276, 282 (D.P.R.

2012) (dismissing case because one of the plaintiffs was still

domiciled in Puerto Rico when the complaint was filed and thus,

she was not diverse from all defendants); *see also* Flores v.

Wyndham Grand Resort, 873 F.Supp.2d 444 (D.P.R. 2012) (dismissing

complaint due to lack of complete diversity between Plaintiffs and

a non-diverse indispensable party).

Plaintiff shall "drill down" in the amended jurisdictional

averments. This means that if any of AD Practitioner, LLC's members

are not natural persons, Plaintiff must allege enough factual

matter for the Court to determine the partner's citizenship for

purposes of diversity of citizenship subject matter jurisdiction.

The amended complaint shall also specify co-defendants Greg

Powel and Ian Robertson's domiciles as of the date of commencement

of this action. These averments are likewise essential for the

Court to determine whether diversity of citizenship subject matter

jurisdiction exists.

Failure to comply with this order may result in dismissal of

this action **without prejudice** for lack of subject matter

jurisdiction.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 30th day of July 2021.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge
